UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RENE MARTINEZ,

        **Plaintiff,**

v.                                                        **Case No: 6:20-cv-211-EJK**

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**
_____/

## ORDER

Plaintiff brings this action pursuant to Titles II and XVI of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), 423, and 1382, to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Disability Insurance Benefits ("DIBs") and Supplemental Security Income ("SSI"). (Doc. 1.) The Court has reviewed the record, including the transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, the administrative record, and the pleadings and memoranda submitted by the parties. (Docs. 11, 11-1–10, 15.) The Court heard oral argument on April 7, 2021. (Doc. 17.) Plaintiff raises a sole issue on appeal: whether the ALJ's discrediting of Plaintiff's subjective complaints of pain was supported by substantial evidence. (Doc. 15 at 15.) For the reasons stated on the record and herein, the Commissioner's final decision is due to be affirmed.

Title 20 of the Code of Federal Regulations, Sections 404.1529(c) and 416.929(c),[1] provide that an administrative law judge is to "consider all of the available evidence from [the claimant's] medical sources and nonmedical sources about how [the] symptoms affect [the claimant]." 20 C.F.R. §§ 404.1529(c); 416.929(c)(1). They also provide that medical opinions may be relied upon when evaluating a claimant's subjective complaints. *Id.* Subsections (c)(2) and (c)(3) further specify how the administrative law judge is to evaluate the subjective complaints. *Id.*

Where "the record shows that the claimant has a medically-determinable impairment that could reasonably be expected to produce h[is] symptoms, the [administrative law judge] must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work." *Strickland v. Comm'r of Soc. Sec.*, 516 F. App'x 829, 831 (11th Cir. 2013) (unpublished) (citing 20 C.F.R. § 404.1529(c)(1)). In doing so, the administrative law judge should "examine the claimant's statements regarding h[is] symptoms in relation to all other evidence, and consider whether there are any inconsistencies or conflicts between those statements and the record." *Id.* at 832 (citing 20 C.F.R. § 404.1529(c)(4)); *see also* 20 C.F.R. § 416.929(c)(3) (instructing the administrative law judge to "carefully consider any other information [a claimant] may submit about [his] symptoms").

Six non-exhaustive factors (hereinafter, the "Factors") are used to evaluate a claimant's subjective complaints: a claimant's daily activities; "the location, duration, frequency, and intensity" of other symptoms; "precipitating and aggravating factors"; "the type, dosage,

---

[1] These sections are identical in language. However, the regulations pertaining to DIBs and SSI are in different parts of Title 20 of the Code of Federal Regulations. Part 404 contains the regulations on entitlement for DIBs, while Part 416 pertains to SSI. Here, Plaintiff filed a claim for both DIBs and SSI; however, the Court will refer only to the regulations found in Part 404 within the body of a sentence.

effectiveness, and side effects" of a claimant's medication taken to alleviate his symptoms; any other treatment for alleviating symptoms; and measures a claimant used to alleviate the symptoms, such as lying down. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). "If the [administrative law judge] decides not to credit the claimant's testimony as to h[is] subjective symptoms, the [administrative law judge] must articulate explicit and adequate reasons for doing so *or the record must be obvious as to the credibility finding.*" *Strickland*, 516 F. App'x at 832 (emphasis added). The administrative law judge may reject testimony about subjective complaints, but that rejection must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> [he] should be allowed to alternate to a standing position for five minutes every one hour of standing; occasional pushing/pulling with the bilateral lower extremities; frequent rotation, extension, and flexion of the neck; no operation of foot controls bilaterally; frequent operation of hand controls bilaterally; frequent handling bilaterally; no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional balancing, kneeling, crouching, and crawling; frequent stooping; no work at unprotected heights or around moving mechanical parts; occasional exposure to extreme cold or vibration; no exposure to open bodies of water, is able to perform simple, routine, and repetitive tasks, but not at a production rate pace (e.g. assembly line work); is able to make simple work-related decision[s]; can have superficial interaction with co-workers not requiring group tasks or collaboration; and no interaction with the public.

(Tr. 45.)

Here, Plaintiff contends that the ALJ committed reversible error by failing to discuss any of the Factors when rejecting Plaintiff's subjective complaints. (Doc. 15 at 15.) When explaining the findings supporting the RFC, the ALJ discussed Plaintiff's testimony about occasionally passing out, dizzy spells, and inability to return to work because of pain in all limbs. (Tr. 46.) The

ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . the . . . statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) In support of the finding that Plaintiff's symptoms are not consistent with the record, the ALJ pointed to the objective medical evidence of record. (Tr. 46–47.) Both Plaintiff and the Commissioner agree that the ALJ did not discuss any of the Factors in rejecting Plaintiff's testimony. (*Id.*)

Specifically, the ALJ pointed to portions of the medical evidence indicating mild or moderate abnormalities.[2] The ALJ noted that Plaintiff had small disc bulges in his lower back and neck, as well as mild facet osteoartropathy, neuropathy, nerve entrapment, and carpal tunnel syndrome. (Tr. 46–47.) The regulations provide that it is appropriate for the ALJ to consider medical evidence when "evaluating the intensity and persistence of [Plaintiff's] symptoms." 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2). However, the ALJ did not provide another basis for rejecting Plaintiff's pain testimony, as prescribed by the regulations. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) ("[W]e will not reject your statements about the intensity and persistence of your . . . symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements.").

The Court agrees with Plaintiff that the ALJ erred by failing to address the Factors; however, the Joint Memorandum is devoid of any authority providing that this amounted to reversible error. Here, the Court finds that this error was harmless because "the record [is] obvious as to the credibility finding." *Strickland*, 516 F. App'x at 832. The Commissioner cites to portions of the record wherein Plaintiff reported to preparing full course meals, grilling, "clearing brush

---

[2] Plaintiff concedes that the ALJ addressed the medical evidence in the record. (Doc. 15 at 16.)

and boards," and performing handy work around the home. (Doc. 16 at 24 (citing to Tr. 367, 748, 744, 724).) The Court also notes that Plaintiff testified that he takes care of his two-year-old child, without help, three days a week. (Tr. 96–97.) The forgoing demonstrates that Plaintiff engages in more daily activities than he testified to during the hearing, and "[a]ny error by the ALJ in this regard is harmless inasmuch as the record in this case is replete with evidence that [Plaintiff] engages in a wide range of daily activities." *Taylor v. Colvin*, No. CA 13-0062-C, 2013 WL 6410401, at *16 (S.D. Ala. Dec. 9, 2013) (finding harmless error where the ALJ discusses the medical evidence of record without considering any of the § 404.1529(c), as the record indicated the plaintiff engages in daily activities).

Accordingly, it is hereby **ORDERED AND ADJUDED** that:

1. The Commissioner's final decision in this case is **AFFIRMED**.
2. The Clerk is **DIRECTED** to **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on April 21, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties